IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRACY M. McNEAL,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　 )　　Civil Action No. 10-318-J
　　　　　　　　　　　　　　　　　　)
COMMISSIONER OF SOCIAL　　　　　　 )
SECURITY,　　　　　　　　　　　　　)

ORDER

AND NOW, this 28th day of March, 2012, upon consideration of Defendant's Motion for Summary Judgment (document No. 15) filed in the above-captioned matter on July 22, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on May 31, 2011,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.  **Background**

On May 22, 2007, Plaintiff Tracy McNeal filed her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Specifically, Plaintiff claimed that she became disabled on November 15, 2004,[1] due to disc herniation, leg and back pain, problems standing, and lifting restrictions. (R. 9, 133-54, 195).[2]

After being denied initially on December 14, 2007, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on September 16, 2009. (R. 69-70, 72-80, 20-58). In a decision dated October 5, 2009, the ALJ denied Plaintiff's request for benefits. (R. 9-19). The Appeals Council declined to review the ALJ's decision on October 21, 2010. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g).

---

1   As will be discussed further below, this onset date was amended at the hearing before the Administrative Law Judge.

2   Plaintiff later also alleged certain mental impairments discussed below.

2

The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

3

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability

4

to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's

impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through March 31, 2013. (R. 11). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability, finding that her work after November 15, 2004, was an unsuccessful work attempt. (R. 11). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, spondylosis of the cervical spine, degenerative disc disease of the lumbar spine with disc bulging, asthma, obesity, depression, and bipolar disorder. (R. 11-12). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 12-14).

The ALJ found that Plaintiff retained the RFC to engage in sedentary work, except that she is limited to occupations that do not require overhead reaching; must be allowed to alternate between

standing and sitting every hour for five to ten minutes; is limited to simple, routine tasks performed in a work environment that does not require more than occasional interaction with supervisors, co-workers, or the public; must work in a setting that does not require exposure to dusts, gases, odors, humidity, wetness, or temperature extremes; and can only occasionally perform fingering and handling maneuvers. (R. 14-18). Based on this RFC, after consultation with a vocational expert ("VE"), the ALJ determined that Plaintiff is capable of returning to her past relevant employment as a companion. (R. 18). After stating that it was, therefore, unnecessary to consider the remaining step, the ALJ did point out that the VE testified that, based on Plaintiff's RFC and vocational background, Plaintiff could also perform a number of other jobs, including a table worker, addresser/mail sorter, and electronics assembler. (R. 18-19). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 19).

## IV. Legal Analysis

The Court does not reach any of the issues raised by Plaintiff but finds that remand is warranted on grounds not raised by the parties. Specifically, the Court finds that there is significant confusion in the record as to whether the VE actually testified to the fact that Plaintiff could return to her past work as a companion based on the RFC ultimately determined by the ALJ. Therefore, the record is

insufficient to support the ALJ's determination that Plaintiff could in fact return to such work and that she is not disabled. Accordingly, the Court will remand the case for further consideration and/or clarification.

The ALJ propounded several hypothetical questions to the VE at the hearing. First, the ALJ asked:

> Ms. Montgomery, I'd like you to assume the individual of the Claimant's age, education and past work experience that you just described. For this assume that this individual's limited to sedentary work as defined in the regulations with no overhead reaching, work that allows for an option to alternate between standing and sitting every one hour for five to 10 minutes, the individual would be limited to simple, routine tasks and a work environment that does not allow require more than occasional interaction with supervisors, co-workers and with the public, the individual must also be allowed to work in a setting that does not require exposure to dust, odors, gases, wetness, humidity or temperature extremes. Would such an individual be able to perform the Claimant's past work as you've just described? [sic throughout]

(R. 50)(sic throughout). The VE responded, "That would compromise all the positions except for the companion position as performed and that position would not be compromised." (Id.). She further testified that, based upon that hypothetical, Plaintiff could perform certain sedentary and unskilled positions, including a table worker, addresser/mail sorter, and electric or electronic assembler. (R. 50-51).

However, the ALJ then asked a second hypothetical:

> I'm going to give you another hypothetical. Assume

the same functional restrictions I gave in the first
hypothetical, but also that the individual can only finger
and handle objects occasionally. Would your answer as to
whether Claimant can perform past relevant work change as
a companion as actually performed?

(R. 51). This prompted the following exchange:

    A. I do believe that position would be compromised
as performed. Apparently there was no assisting with the
individual in activities of daily living. It was just
basically supervision. That would compromise the
positions I stated for hypothetical number one.

    Q. You're talking about the other positions?

    A. That would be correct, Judge that are sedentary
and unskilled.

    Q. Would they be – they could no longer be performed
is that what you're saying?

    A. That would be correct on a full-time basis.

(R. 51-52)(sic throughout).

It is hard to make sense of this exchange. According to the transcript, the VE stated that Plaintiff's past work as a companion would be compromised by the additional limitation to only occasional fingering and handling maneuvers. However, the explanation that followed, i.e., that, as performed, the position involved merely supervising individuals and not assisting them with their activities of daily living, implied that the position would not be compromised. The follow-up did not clarify the situation. The only thing that is clear is that the other sedentary positions would be compromised based on the second hypothetical.

9

This confusion, unfortunately, is highly relevant. In his decision, the ALJ did find that Plaintiff was limited to only occasional fingering and handling maneuvers in determining Plaintiff's RFC. (R. 14). However, he stated that the VE testified that Plaintiff could perform the companion job with the RFC as determined. (R. 18). As discussed, the record is, at best, ambiguous on this point, and the ALJ did nothing in his opinion to clear up this ambiguity. In fact, he went on to state that the VE testified that Plaintiff could also perform a number of other jobs, including a table worker, addresser/mail sorter, and electronics assembler. (R. 18-19). Again, while the record is not entirely clear as to the erosion of the companion position, the VE unequivocally stated that the limitation to occasional fingering and handling would compromise the other jobs mentioned.

Based on this confusion as to whether the VE did or did not testify that Plaintiff could return to her past relevant work, the Court simply cannot determine whether substantial evidence supports the ALJ's decision. While the VE's explanation implies that the transcript may contain a typographical error, the Court will not assume such an error on so important an issue with such little evidence confirming the error. Remand, unfortunately, is warranted to clear

up this confusion.[3]

The Court notes that it is questionable at best whether remand would have been warranted on the issues actually raised by Plaintiff. Nonetheless, to avoid any further remand, the ALJ should consider the issues raised by Plaintiff when reconsidering his decision. In this regard, there is some confusion in the record as to the alleged onset date. The ALJ states in his decision that the date is November 15, 2004, but there seems to have been an agreement between Plaintiff and the ALJ at the hearing to amend the onset date to April 30, 2007. (R. 11, 24-26). While there is no indication that a later onset date would change the analysis, the record should be clarified on this point.

Further, Plaintiff suggests that the ALJ erred in failing to include in the RFC certain limitations found by the consultative examiner in regard to sitting and standing. (R. 576). The Court notes that, although not raised by the parties, the consultative examiner, as well as the non-examining state agency reviewing

---

3   The Court obviously cannot rely on the VE's response to the ALJ's first hypothetical because that hypothetical did not include all of the Plaintiff's limitations ultimately found by the ALJ. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (holding that a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments that are supported by the record); Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) ("Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence.").

consultant, found postural limitations not addressed by the ALJ. (R. 220, 577). While, pursuant to Social Security Ruling 96-9p, erosion of the sedentary occupational base is not likely based on the limitation to occasional postural activities, this also can be clarified in the record on remand.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's decision that Plaintiff could return to her past relevant work is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision. The Court hereby remands this case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record